IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHABAZZ MOHAMMED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 03-515-GPM |
| | ) |
| B. SPILLER, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This case was originally filed jointly by seven inmates in the Menard Correctional Center. *See Vinning-El, et al. v. Spiller*, Case No. 02-CV-1232-GPM (S.D. Ill., filed Dec. 12, 2002). The Court dismissed two plaintiffs from that action and then severed that action into five individual cases. Plaintiff Mohammed previously was granted leave to file an amended complaint (*see* Docs. 6, 7), but the Court has yet to receive such a pleading.

This case is now before the Court for a preliminary review of the *original* complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are frivolous and, thus, subject to summary dismissal.

Only one paragraph of the complaint presents claims specific to Plaintiff Shabazz Mohammed.[1] Those allegations are: (1) he received a false disciplinary report from Defendants Welborn and Mezo on August 23, 2002; (2) Welborn denied him food; (3) he was placed in a stripped out cell for several days without running water, mattress, clothing, or cosmetics by Welborn, Mezo, Gales, and Spiller; (4) on August 23, 2002, he was denied food by Defendants Danger, Simon, and Carter; (5) he was placed on suicide watch from August 23-27, 2002; (6) Defendants Danger, Simon, and Carter tied a sheet around his neck and choked him; and (7) he received false disciplinary reports "resulting in loss of good time and other sanctions, including segregation time."

**CONDITIONS OF CONFINEMENT**

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element –

---

[1] The complaint also contains very generic allegations that all seven original plaintiffs were subjected to excessive force, false disciplinary reports, deprivation of state pay, conspiracy, and retaliation at unspecified times; these actions were taken by unspecified defendants (Doc. 1, ¶¶ 8-12). The Court finds that these allegations are simply too vague to present any viable constitutional claim against any named defendant.

establishing a defendant's culpable state of mind.  *Id.*  Allegations that he was placed in a stripped out cell for a few days while on suicide watch does not suggest that Plaintiff's constitutional rights were violated.

In some circumstances, a prisoner's claim that he was denied food may satisfy the first element but, as the Seventh Circuit has held, the denial of food is not a *per se* violation of the Eighth Amendment.  Rather, a district court "must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999).  *See generally Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001); *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998); *Cooper v. Sheriff of Lubbock County*, 929 F.2d 1078 (5th Cir. 1991); *Cunningham v. Jones*, 567 F.2d 653, 669 (6th Cir. 1977), *app. after remand*, 667 F.2d 565 (1982); *Robbins v. South*, 595 F. Supp. 785, 789 (D. Mont. 1984).  Plaintiff here allegedly missed meals on one day, but he does not allege harm to his health.

Based on these standards, the allegations presented by Plaintiff in this action regarding the conditions of his confinement simply do not rise to the level of an Eighth Amendment violation. Therefore, his claims regarding placement in a stripped-out cell and denial of food on one day are **DISMISSED** from this action with prejudice.

### DISCIPLINARY PROCEEDINGS

When bringing an action under § 1983 for procedural due process violations, a plaintiff must show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law.  *Zinermon v. Burch*, 494 U.S. 113, 125 (1990).  The Supreme Court has held that while a state may create a liberty interest, such state-created liberty interests are limited to "freedom from restraint which, while not exceeding the sentence in such an unexpected manner

as to give rise to protection by the Due Process Clause of its own force … nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995).

Plaintiff alleges that he was placed in disciplinary segregation for an unspecified amount of time, in violation of his right to procedural due process. However, he has no protected liberty interest in remaining in general population. *See, e.g., Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997); *Wagner v. Hanks*, 128 F.3d 1173, 1175-76 (7th Cir. 1997); *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995).

To the extent that Plaintiff may have lost good conduct credit as the result of any disciplinary proceeding, such a challenge must be brought through habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994); *Clayton-EL v. Fisher*, 96 F.3d 236, 242 (7th Cir. 1996). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *Taylor v. Franzen*, 93 Ill.App.3d 758, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill. App. 1981). *See also United States ex rel. Isaac v. Franzen*, 531 F. Supp. 1086, 1091-94 (N.D. Ill. 1982). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq.*, to consider the merits of Plaintiff's claim. *See generally Wilkinson v. Dotson*, – U.S. —, 125 S. Ct. 1242, 1246-48 (2005). Therefore, Plaintiff's claims regarding disciplinary proceedings are **DISMISSED** from this action with prejudice.

EXCESSIVE FORCE

The intentional use of excessive force by prison guards against an inmate without

penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. … [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Although Plaintiff's claim is brief, the Court is unable to dismiss his excessive force claim against Danger, Simon, and Carter at this point in the litigation. *See* 28 U.S.C. § 1915A.

### OTHER DEFENDANTS

The complaint also lists Captain Reis, Captain Taylor, Sgt. Dunn, Sgt. Forrester, Sgt. Fletcher, Sgt. Velker, C/O Long, C/O Richelman, Lt. Wilson, C/O Scott, Jonathan Walls, M. Gross, C/O Reid, C/O Robertson, C/O Cushman, C/O Thomas, C/O Rowland, Lt. Ferrell, Supt. Pickering, and Unknown Parties as defendants in the caption of his complaint. However, the portion of the statement of claim relating to Plaintiff Mohammed does not include any allegations against these defendants. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Therefore, these Defendants

are **DISMISSED** from this action with prejudice.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Plaintiff's claims regarding conditions of confinement and disciplinary proceedings are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Defendants **CUSHMAN, DUNN, FERRELL, FLETCHER, FORRESTER, GALES, GROSS, LONG, MEZO, PICKERING, REID, REIS, RICHELMAN, ROBERTSON, ROWLAND, SCOTT, SPILLER, TAYLOR, THOMAS, VELKER, WALLS, WELBORN, WILSON**, and **UNKNOWN PARTIES** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff shall complete and submit a USM-285 form for Defendants **DANGER**, **SIMON**, and **CARTER** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order. The Clerk is **DIRECTED** to send Plaintiff **THREE (3)** USM-285 forms with Plaintiff's copy of this Memorandum and Order. **Plaintiff is advised that service will not be made on a Defendant until Plaintiff submits a properly completed USM-285 form for that Defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **DANGER**, **SIMON**, and **CARTER**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **DANGER**, **SIMON**, and **CARTER** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist

of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of the Illinois Department of Corrections ("IDOC") who no longer can be found at the work address provided by Plaintiff, IDOC shall furnish the Marshal with that Defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from IDOC pursuant to such order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a Defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that Defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon that Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for that Defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said Defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally-served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless that Defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon those attorneys, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to Defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pretrial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

DATED: 06/17/05

                                                                   s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge