IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHABAZZ MOHOMMED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Case No. 03-515-GPM |
| | ) |
| B. SPILLER, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

**FRAZIER, Magistrate Judge:**

    Before the Court are pending motions. The first item considered is plaintiff's motion to compel discovery. Plaintiff seeks an order directing the defendants to produce documents in response to two separate requests. The motion is opposed. Upon consideration of the arguments raised, the motion (Doc. No. 30) is GRANTED in part and DENIED in part, as follows.

    Rule 34 provides that a party may request, among other things, the production of documents that "constitute or contain matters within the scope of Rule 26(b)" and are in the custody or control of another party. Fed. R. Civ. P. 34(a). Rule 26(b) prescribes the scope of matters upon which a party may seek discovery. Parties may obtain discovery regarding any matter not privileged that is relevant to the claim or defense of the parties. Fed. R. Civ. P. 26 (b)(1). The requested information sought need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id*. In deciding whether to compel a particular response to a discovery request, the Court should independently determine the proper course of discovery based upon the arguments of the parties. *See, e.g., Spears v. City of Indianapolis*, 74 F. 3d 153, 158 (7th Cir. 1996).

    Plaintiff brought this action pursuant to § 1983, challenging the conditions of his

confinement at Menard Correctional Center in 2002. He asserts violations of his First and Eighth Amendment rights.

**(1). Interview Documents**. In his first request (para. 10) and second request (para. 3, 4), plaintiff asked for documents regarding investigative interviews conducted by the internal affairs department in 2002. The defendants served objections, said they knew of no documents that would satisfy the request as written, and produced an August 27, 2002, memorandum authored by Ty Malley. They also contacted a litigation coordinator for the Illinois Department of Corrections and attempted to locate notes used to create that memorandum, without success. The objections are OVERRULED. However, because the defendants have made reasonable efforts to locate and produce the information requested, the Court will not direct any further response.

**(2). Medical Records**. In his first request (para. 2) and second request (para. 1), plaintiff requested copies of his medical records. Plaintiff's medical records are located at Tamms Correctional Center, where plaintiff is confined. The defendants were employed at Menard Correctional Center when this action arose. The defendants offered to arrange for plaintiff to inspect his medical records at Tamms but declined to arrange for someone at Tamms to copy medical records for plaintiff free of charge. Pursuant to 20 Ill. Admin. Code § 107.310, plaintiff has access to his own medical records. The Court is not authorized to shift discovery expenses in a civil action. *McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir.1987). Rather, plaintiff may recover some of his costs in the event his suit is successful. 28 U.S.C. § 1920. The objections are SUSTAINED.

**(3). Security Tours/Rounds**. In his first request (para. 3), plaintiff asked for documents regarding official security tours or rounds. The defendants objected on the basis that these documents are not relevant to a claim or defense. Plaintiff believes the documents would show when the defendants were on his gallery. The defendants have challenged plaintiff's claims on the

basis that he is relying on the theory of respondeat superior (Doc. No. 29).  Hence, personal involvement is at issue in this case.  The objections are OVERRULED in part.  Defendants Simon, Dagner and Carter shall produce any documents showing that they toured or made rounds in the segregation unit at Menard Correctional Center between January 1, 2002, and and March 1, 2003.

**(4).   Past Complaints**.  In his second request (para. 13), plaintiff asked for documents regarding past complaints of mistreatment from January, 2002, to the present.  The defendants object on the basis that complaints made by other inmates during this period of time are not be relevant to the claims or defenses.  Plaintiff suggests that such information might be admissible under Rule 404 of the Federal Rules of Evidence.  The Court is not persuaded that general complaints by any other inmate regarding the conduct of these defendants over a lengthy period of time are relevant to plaintiff's claims.  The objections are SUSTAINED.  Plaintiff may revise this request in order to target information regarding *his* confinement (for example, by asking for complaints about the same conditions he claims to have experienced or for complaints made by a cell-mate during the relevant period).

**(5).   Dagner Note**.  In his second request (para. 5), plaintiff asked for a certain note or notes prepared by defendant Dagner.  The requested information might support aspects of plaintiff's First and Eighth Amendment claims.  Defendant Dagnar's relevancy objection is OVERRULED.  Defendant Dagner shall produce documents in response to this request within 14 days.

**(6).   Hunger Strikes**.  In his first request (para. 7) and second request (para. 7, 8, 10), plaintiff asked for documents regarding his hunger strikes.  The defendants maintain that such information is irrelevant and, believing that these materials are located in plaintiff's medical records, they raise the same objection upheld in paragraph 2 of this order.  The Court is not persuaded that documents showing that plaintiff declared or participated in a hunger strike would help plaintiff

prove the elements of his First or Eighth Amendment claims or defeat the defenses raised. In any event, to the extent that this information may be found in plaintiff's medical records, plaintiff has access to his own medical records.

**(7).  Strip Cell Procedures**. In his second request (para. 11, 12), plaintiff asked for information regarding strip cell procedures. The defendants' relevancy objection is OVERRULED in part. Defendants Simon, Dagner and Carter shall produce any documents describing strip cell procedures at Menard Correctional Center's segregation unit between January 1, 2002, and and March 1, 2003.

Also pending is plaintiff's Rule 37(b) motion for sanctions, which is based on his belief that some interrogatory responses regarding interviews are elusive or wrong. He also believes that the defendants are incorrect in reporting that they can locate no additional documents regarding interviews. Plaintiff's request for sanctions is premature, as the defendants are not violating any order directing them to serve more complete responses or produce additional documents. As noted above, the defendants have made reasonable efforts to locate interview documents. If plaintiff believes a non-party has relevant documents, he may ask the Clerk to issue a subpoena duces tecum to the non-party. Fed. R. Civ. P. 45. This motion (Doc. No. 33) is DENIED.

**SO ORDERED:   May 16, 2006   .**

          *s/Philip M. Frazier*
          **PHILIP M. FRAZIER**
          **UNITED STATES MAGISTRATE JUDGE**