IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHABAZZ MOHOMMED,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| vs.    ) | Civil Case No.   03-515-GPM |
| ) | |
| B. SPILLER, et al.,    ) | |
| ) | |
| Defendants.    ) | |

## ORDER

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff's second motion for court imposed sanctions (Doc. No. 42). Plaintiff claims that the defendants violated the May 16, 2006, discovery order in three respects. He seeks entry of default, defenses stricken, and/or an order precluding evidence.  The defendants maintain that sanctions should not be assessed because plaintiff received the available relevant materials and because defense counsel properly redacted irrelevant information and information that should remain confidential to safeguard the security of staff and other inmates.

In an order entered on May 16, 2006, the Court resolved a discovery dispute regarding several paragraphs in plaintiff's second request for production of documents.  With respect to request No. 5, the relevancy objection was overruled and defendant Dagner was ordered to produce documents responsive to the request.  With respect to request No. 11, the relevancy objection was overruled and defendants Simon, Dagner, and Carter were directed to produce documents describing strip cell procedures at Menard Correctional Center's segregation unit between January 1, 2002, and March 1, 2003.  The Court denied plaintiff's separate request for sanctions as premature.  A portion of that motion targeted redacted materials (Doc. Nos. 33-1, p. 6; Doc. No. 35).

<u>Second Request - Number 5</u>.  Plaintiff believes document production is incomplete because he did not receive shakedown slips.  Defense counsel made an effort to locate a copy of a February 9, 2003, count slip, without success.  A redacted page from a logbook was located and produced, showing that two count slips were confiscated from plaintiff by Officer Nathan Pitts on February 11, 2003, and were subsequently destroyed. Defense counsel's inquiry did not turn up additional responsive documents.  If additional documents are found, counsel has the obligation to provide further supplementation.  See Fed. R. Civ. P. 26(e).

The Court finds that all responsive documents obtained following an adequate investigation were produced, and that the response is neither incomplete nor evasive.

<u>Second Request - Number 11</u>.  The requested documents were produced in redacted form. Plaintiff claims that relevant information has been redacted.  The defendants respond that redaction protects against disclosure of irrelevant information and information that, if disclosed to an inmate, could impede efforts to keep the prison safe and secure.  Plaintiff claims these documents are available to the general public.  He suspects that the redaction hides relevant facts.

Under Federal Rule of Civil Procedure 34(b), a party who objects to a document request must state the reason for the objection within thirty days.  Parties who withhold information must make express claims of privilege or protection and describe the nature of things not disclosed in a manner that permits other parties to assess the applicability of the privilege or protection.  Fed. R. Civ. P. 26(b)(5).

The defendants' original response to this document request raised one ground for objection: relevance.  A claim of privilege/protection based on prison security concerns was not expressly made in the initial or the supplemental response, and there is no indication that plaintiff was provided with a privilege log (Doc. No. 30-5, p. 4; Doc. No. 42-1. P. 5).

<u>First Request - Number 14</u>.  The requested transfer slips were provided in redacted form after the defendants objected to the request on the ground of relevance.  A claim of privilege/protection was not expressly made and there is no indication that plaintiff received a privilege log (Doc. No. 30-4, p. 7).

Plaintiff's motion (Doc. No. 42 is DENIED in part (as to the Second Request, No. 5) and ruling is RESERVED in part.  Within 14 days, defendants shall submit the original version of the materials produced in redacted form in response to Second Request No. 11 and First Request No. 14 for in camera review, along with authority supporting their position that institutional directives are not available to the general public.

Because plaintiff has demanded trial by jury and the Court anticipates that he will require legal assistance in order to propose jury instructions and present his claims to a jury, counsel will be appointed to represent plaintiff during the final pretrial conference and jury trial.

Pursuant to 28 U.S.C. 1915 (e)(1) and Local Rule 83.1(i), attorney Ted N. Gianaris, Simmons Cooper, P.O. Box 521, East Alton, Illinois, 62024, is APPOINTED to represent plaintiff in this Court only for purposes of final pretrial conference and jury trial.  Attorney Gianaris is advised that, pursuant to the Plan for the Administration of the District Court Fund, out-of-pocket expenses up to the sum of $1000 may be requested and authorized for reimbursement.

**SO ORDERED:**  <u>December 21, 2006</u> .

<i>s/ Philip M. Frazier</i><br>
**PHILIP M. FRAZIER**<br>
**UNITED STATES MAGISTRATE JUDGE**